**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CELIFLORA GONZALEZ MERINO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**JASON BENZEL, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-10324 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Celiflora Gonzalez Merino, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility in Newark, New Jersey. ("Elizabeth Facility"). (ECF No. 1).

2. Petitioner is a citizen of Mexico who has lived in the United States since 1994. (*Id.* ¶ 54). Her husband and children are United States citizens. (*Id.* ¶ 2).

3. She had a "facially valid advanced parole document expiring on April 25, 2029." (*Id.* ¶ 1). She filed an Application to Adjust Register Permanent Residence or Adjust Status ("Form I-485") with U.S. Citizenship and Immigration Services ("USCIS") on or about November 22, 2023. (ECF No. 8-2 at 6). USCIS denied the Form I-485 on July 29, 2026. (*Id.*)

4. Petitioner traveled to Mexico relying on her advanced parole document. (ECF No. 1 ¶ 62). She was stopped by ICE at Newark Airport upon her return on August 13, 2026. (ECF No. 8-1 at 3). She presented her advanced parole document for inspection, but ICE determined it became invalid when her Form I-485 was denied. (*Id.*)

5. Petitioner asserts this was first time she had been told that her Form I-485 had been denied. (ECF No. 1 ¶ 66). She argues the Form I-485 "denial is based on the factually erroneous conclusion that Petitioner did not lawfully enter the United States on February 4, 1994 and overstay[ed] her visa." (*Id.* ¶ 67).

6. This Petition followed on August 14, 2026 and asserted the Petitioner's removal to Mexico was imminent. (*Id.* ¶ 3).

7. Respondents filed an answer on August 17, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because she is subject to an expedited order of removal. (ECF No. 8 at 1; ECF No. 8-3 at 2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner challenges the validity of the Notice and Order of Expedited Removal ("Order"), asserting that "Respondents' decision to place Petitioner into expedited removal proceedings … is contrary to [8 C.F.R. § 1.2's] exemption for individuals who obtained a grant of advance parole prior to their departure." (ECF No. 9 at 2). "Because the regulation removes

Petitioner from expedited-removal classification, the Form I-860 Notice and Order of Expedited Removal issued to her exceeded Respondents' authority under § 1225(b)(1)(A)(i)." (*Id.* at 3 (internal citation omitted)).

11. District courts, with limited exceptions, do not have subject matter jurisdiction "to review … any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1)[.]" 8 U.S.C. § 1252(a)(2)(A)(i).

12. This Court may only determine whether Petitioner is a noncitizen, whether she was ordered removed pursuant to § 1225(b)(1), and whether she "can prove by a preponderance of the evidence that [s]he is" a noncitizen "lawfully admitted for permanent residence, has been admitted as a refugee … or has been granted asylum … ." 8 U.S.C. § 1252(e)(2)(A)-(C); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 427 (3d Cir. 2016).

13. "Only the second situation—*i.e.*, whether petitioner was ordered removed—is relevant to the Petition. This 'review should only be for whether an immigration officer issued that piece of paper and whether the [Petitioner] is the same person referred to in that order.'" *Paez-Paez v. Blanche*, No. 26-cv-7285, 2026 WL 1831629, at *1 (D.N.J. June 25, 2026) (quoting *Castro*, 835 F.3d at 431)).

14. The Order has been filled out and signed by an immigration officer and supervisor. (ECF No. 8-3 at 2.) An expedited removal order becomes final when it has been reviewed and approved by the appropriate supervisor. 8 C.F.R. §235.3(b)(7). Pursuant to *Castro*, that is the end of this Court's inquiry.

15. This Court does not have jurisdiction to reach Petitioner's arguments that she was improperly detained pursuant to § 1225(b)(1). "Now that there is an administratively final removal

order, Petitioner's detention claims are not wholly collateral to the removal process; they are inextricably linked to it." *Sangare v. Soto*, No. 26-cv-0758, 2026 WL 575374, at *1 (D.N.J. Mar. 2, 2026) (cleaned up) (citing *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026)); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

16. Therefore, this Court will dismiss the Petition and lift any restrictions that were imposed on her location.

17. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: August 21, 2026