**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CELIFLORA GONZALEZ MERINO,**<br>**Petitioner,**<br>**v.**<br>**JASON BENZEL, et al.,**<br>**Respondents.** | **Civil Action No. 26-10324 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the motion for reconsideration ("Motion") Petitioner Celiflora Gonzalez Merino, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 12).

2. Petitioner is a citizen of Mexico who has lived in the United States since 1994. (ECF No. 1 ¶ 54). She had a "facially valid advanced parole document expiring on April 25, 2029." (*Id.* ¶ 1). She filed an Application to Adjust Register Permanent Residence or Adjust Status ("Form I-485") with U.S. Citizenship and Immigration Services ("USCIS") on or about November 22, 2023. (ECF No. 8-2 at 6). USCIS denied the Form I-485 on July 29, 2026. (*Id.*)

3. Petitioner traveled to Mexico relying on her advanced parole document. (ECF No. 1 ¶ 62). She was stopped by ICE at Newark Airport upon her return on August 13, 2026. (ECF No. 8-1 at 3). She presented her advanced parole document for inspection, but ICE determined it became invalid when her Form I-485 was denied. (*Id.*)

4. She filed the Petition challenging her detention on August 14, 2026. (ECF No. 1).

5. An expedited removal order under 8 U.S.C. § 1225(b)(1) was issued on August 15, 2026. (ECF No. 8-3 at 2).

6. Petitioner argued in her reply papers that "Respondents' decision to place Petitioner into expedited removal proceedings instead [of considering her as an "arriving alien"] is contrary to the regulation's exemption for individuals who obtained a grant of advance parole prior to their departure" and that Respondents exceeded their authority in subjecting her to mandatory detention. (ECF No. 9 at 2-3).

7. This Court denied the Petition on August 21, 2026 after concluding that it did not have jurisdiction to adjudicate Petitioner's challenge to the validity of the expedited removal order. (ECF No. 10 ¶¶ 15-16); *see also Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 165 (3d Cir. 2018) (noting § 1252(e) stripped district courts of jurisdiction to consider whether an expedited order of removal "is being illegally applied" to noncitizens.)

8. On August 25, 2026, Petitioner filed a second petition under § 2241 arguing that U.S. Citizenship and Immigration Services ("USCIS") violated the Administrative Procedure Act and her due process rights when it "unreasonably delayed" resolution of her I-290B request seeking reconsideration of the denial of her Form I-485. *Gonzalez Merino v. Benzel*, No. 26-cv-10931 (D.N.J. filed Aug. 25, 2026) ("Second Petition") (ECF No. 1 ¶¶ 27-36).[1] The Second Petition stated that Petitioner was "not ask[ing] this Court to decide the ultimate validity of the expedited-removal order ... ." (*Id.* ¶ 38).

9. However, Petitioner later filed a letter asking for an order requiring "Respondents to substantiate finality with competent, contemporaneous agency records before relying on the I-860 as a final expedited-removal order ... ." (Second Petition, ECF No. 3 at 1).

10. This Court denied the Second Petition on September 16, 2026 after concluding that Petitioner's challenge to the process by which the expedited removal order was obtained should

[1] This Court takes judicial notice of the proceedings in the Second Petition.

have been filed in these proceedings. (Second Petition, ECF No. 12 ¶ 14). It further concluded that it lacked jurisdiction over the Second Petition because it had "no authority pursuant to § 2241 to compel USCIS to decide the I-290B request because the I-290B request does not concern the fact or duration of Petitioner's detention." (*Id.* ¶ 16).

11. Petitioner filed the instant Motion in these proceedings the same day. (ECF No. 12).

12. Respondents have not filed opposition.

13. "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration has merit only when the movant shows "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct [a] clear error of law or prevent manifest injustice." *Id.* (quoting *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

14. Although the Third Circuit has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice,'" it has suggested "there is substantial, if not complete, overlap between the two concepts," with the focus being "on the gravity and overtness of the error." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311-12 (3d Cir. 2018). A litigant "must show more than mere disagreement with [an] earlier ruling," he or she must show a "direct, obvious, [or] observable error," and "one that is of at least some importance to the larger proceedings." *Id.* at 312 (quoting *Manifest Injustice*, Black's Law Dictionary (10th ed. 2014)). *Cf. Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) ("A court commits clear error of law

'only if the record cannot support the findings that led to the ruling.'" (quoting *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010))

15. Motions for reconsideration are "extremely limited procedural vehicle(s)" that are to be granted "very sparingly." *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013).

16. Petitioner's Motion must be denied because it fails to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest injustice.

17. Petitioner argues that she was not "ordered removed" because Respondents did not follow the proper procedures in issuing the expedited removal order. (ECF No. 12 at 3 (citing 8 CFR § 235.3(b)(7)).

18. Petitioner did not raise these arguments in her reply papers. (ECF No. 9). A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F.Supp.2d 349, 352 (D.N.J. 2001).

19. Accordingly, the Motion will be denied.

20. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 20, 2026